**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William BARTHOLDI, Defendant-Appellant.**

**No. 71-1382.**

United States Court of Appeals, Ninth Circuit.

Jan. 18, 1972.

Philip Mirecki, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. & Chief, Criminal Div., Arnold G. Regardie, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING and DUNIWAY, Circuit Judges, and COPPLE, District Judge.*

COPPLE, District Judge:

Appellant, incarcerated for conviction of violation of 18 U.S.C. § 2312 (Dyer Act), escaped from federal custody. On January 22, 1968, following a plea of guilty to the charge of escape, imposi-

---

* The Honorable William P. Copple, United States District Judge for the District of Arizona, sitting by designation.

tion of sentence was suspended and appellant was placed on probation for a period of two years to commence upon his release from federal custody after completion of the Dyer Act sentence. Appellant was released from federal custody on September 17, 1968, and his period of probation then commenced to run with an expiration date of September 17, 1970.

In 1969, well within the period of probation, appellant was convicted in state court of a felony, a probation violation detainer was placed with state authorities, a bench warrant was issued but not executed and no order to show cause was issued. After repeated requests by appellant for a hearing on the petition for revocation, the bench warrant was executed and he was afforded such a hearing on January 25, 1971, and on February 1, 1971. Probation was revoked and appellant was sentenced to serve four months consecutive to the state sentence then being served.

■ Appellant contends, first, that the court had no jurisdiction to revoke his probation after the probationary period expired and, further, that the warrant was not executed and hearing held within a reasonable time. The warrant was issued within the period of probation and was thus timely.[1] Jutras v. United States, 340 F.2d 305 (1st Cir. 1964). The warrant was not executed and hearing held until after expiration of the probationary period because appellant was serving a state sentence during all that time for the same offense that furnished the basis for the ultimate revocation of his federal probation. Another panel of this Court has recently considered these same questions with regard to warrants issued for parole violation and held: "A warrant may be exe-

cuted after the term has expired and may await the outcome of pending criminal charges and sentences entered thereon without amounting to an unreasonable delay. See Shelton v. United States Board of Parole, 128 U.S.App.D. C. 311, 388 F.2d 567, 571 (1967), and cases cited therein." Barr v. Parker, 453 F.2d 865 (9th Cir. 1971). This Court sees no reason why the rule should be different in the case of a probation violation.

Other issues raised in appellant's brief by way of argument are without merit.

Affirmed.

---

1. "At any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court . . . may *issue* a warrant for his arrest for violation of probation occurring during the probation period." 18 U.S.C. § 3653 [*Emphasis added.*]