**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George H. LUSTIG, Defendant-Appellant.**

**No. 76–3146.**

United States Court of Appeals,
Ninth Circuit.

June 15, 1977.

Rehearing and Rehearing En Banc
Denied Aug. 12, 1977.

Phillip P. Weidner, argued, Drathmen, Weidner, Pope & Lindsley, Anchorage, Alaska, for defendant-appellant.

G. Kent Edwards, U. S. Atty., argued, Peter M. Page, Asst. U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before CARTER, TRASK and KENNEDY, Circuit Judges.

PER CURIAM:

On May 3, 1974 Lustig pleaded guilty to a charge of smuggling marijuana in violation of 18 U.S.C. § 545 (hereinafter the marijuana conviction). He was fined $10,000 and sentenced to a five-year prison term. The prison term was suspended, and Lustig was placed on probation subject to normal conditions, including the requirement that he not violate any law and that he not leave the state.

In 1976 Lustig was convicted on four separate counts of conspiring to distribute a controlled substance, distribution of cocaine, possession of cocaine, with intent to distribute and simple possession of cocaine. He was sentenced to a total of nine years' imprisonment. Thereafter, the district court revoked Lustig's probation and reinstated the original five-year sentence for the marijuana conviction. In its judgment pronouncing sentence, the court expressly provided that the five-year sentence was to be consecutive to the intervening nine-year sentence on the cocaine conviction. Lustig appeals from the district court's orders revoking probation and reimposition of sentence on the marijuana conviction. We affirm.

Lustig first contends that the evidence was insufficient to support revocation of his probation. The claim is without merit. Probation may be revoked where the judge is reasonably satisfied that a state or federal law has been violated. *United States v. Carrion*, 457 F.2d 808, 809 (9th Cir 1972). The Government introduced a certified copy of Lustig's cocaine conviction at the revocation proceeding. That evidence was unchallenged and in itself constituted sufficient proof that Lustig had committed a crime in violation of the terms of his probation. *United States v. Miller*, 514 F.2d 41 (9th Cir. 1975); *United States v. Winsett*, 518 F.2d 51, 55 n. 6 (9th Cir. 1975) (dictum). The Government also introduced excerpts of Lustig's testimony at the trial on the cocaine charges, during which he admitted possessing cocaine. That testimony further supports the district court's determination. *Bernal-Zazueta v. United States*, 225 F.2d 64, 68 (9th Cir. 1955).

Lustig next attacks the validity of both the original marijuana conviction and the cocaine conviction and argues that their invalidity requires reversal of the probation revocation order. However, Lustig may not collaterally attack either the original conviction, *Bernal-Zazueta v. United States*, 225 F.2d at 68; *United States v. Francischine*, 512 F.2d 827 (5th Cir. 1975); *Rodgers v. United States*, 413 F.2d 251 (10th Cir. 1969), or the conviction on which the decision to revoke probation was based, *United States v. Garza*, 484 F.2d 88, 89 (5th Cir. 1973); *see United States v. Carrion*, 457 F.2d at 809. The validity of the marijuana and cocaine convictions are issues that are therefore not properly before us and may not here be asserted as grounds for reversing the district court's order in these proceedings.

Finally, Lustig claims that the district court on revoking probation had no power to order that the five-year sentence on the original conviction should run consecutively to the intervening nine-year sentence. We disagree. In reinstating a sentence upon revocation of probation, the district court, to insure that the defendant is punished both for the original conviction and the subsequent offense, may in its discretion order that the sentence be served consecutive to a federal sentence for an intervening crime. *United States v. Tacoma*, 199 F.2d 482 (2d Cir. 1952); *cf. United States v. Bartholdi*, 453 F.2d 1225, 1226 (9th Cir. 1972). Consecutive sentences are an appropriate mechanism for imposing a distinct punishment for each of two criminal acts. The district court's imposition of the consecutive sentence in this case was not improper.

Lustig's other contentions are without merit.

AFFIRMED.