**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Leobardo OLMOS–ESPARZA,**
**Defendant-Appellant.**

**No. 78–2174.**

United States Court of Appeals,
Ninth Circuit.

April 25, 1979.

---

\* The Honorable John R. Bartels, Senior U.S. District Judge for the Eastern District of New York, sitting by designation.

George D. Hardy, Asst. U. S. Atty. (on the brief), Michael H. Walsh, U. S. Atty., Eve D. Bermingham, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Judith A. Clarke, Federal Defender of San Diego, Inc. (argued), San Diego, Cal., for defendant-appellant.

Before ELY and TRASK, Circuit Judges, and FITZGERALD,* District Judge.

PER CURIAM.

Olmos-Esparza, the appellant, appeals from the District Court judgment revoking his probation. For the reasons outlined below, the judgment must be affirmed.

On September 25, 1972, appellant pleaded guilty to one count of conspiracy to smuggle and transport aliens, a violation of 18 U.S.C. § 371. On October 24, 1972, he was committed to the custody of the Attorney General for four years. Pursuant to 18 U.S.C. § 3651, appellant was ordered confined in a jail-type institution for four months. The execution of the remainder of the sentence was suspended, and the appellant was placed on probation for four years.

Acting upon a petition filed by a United States Probation Officer that alleged various violations of probation, the District Court issued an Order on March 12, 1976, well within the period of probation, directing the United States Marshal to return appellant before the court to show cause why his, the appellant's, probation should not be revoked. Appellant at this time was in state custody. On June 17, 1976, appellant was convicted in the California Superior Court for the illegal possession of a controlled substance for sale. He was committed to state prison for the term prescribed by law.

On April 6, 1978, the District Court issued a writ of habeas corpus to obtain appellant's appearance for a probation revocation hearing. On May 8, 1978, appellant appeared in custody before the court and denied that he had violated the terms or conditions of his probation. A hearing was scheduled for May 22, 1978.

On May 18, 1978, appellant moved to dismiss the March, 1976 Order to Show Cause on the ground that his appearance for a revocation hearing had been unreasonably delayed. The Government filed an amended petition on May 22, 1978, alleging appellant's state criminal conviction. The District Court denied appellant's Motion to Dismiss the Order to Show Cause, revoked appellant's probation, and committed appellant to the custody of the Attorney General for the remainder of the original four year sentence. Appellant requested that the probation revocation run from the date of the issuance of the Order in 1976. The District Court denied this request but ordered that the sentence was to be concurrent with that portion of the state prison sentence remaining to be served on the date of the hearing, May 22, 1978.

A probationer who is alleged to have violated the terms or conditions of his probation is entitled to a hearing before the District Court "[a]s speedily as possible after arrest." 18 U.S.C. § 3653. Appellant contends, first, that the Order to Show Cause should have been dismissed because

---

* Honorable James M. Fitzgerald, United States District Judge, District of Alaska, sitting by designation.

this statute required a revocation hearing as speedily as possible after the issuance of the Order in March of 1976. This contention is without merit.

 In *United States v. Bartholdi*, 453 F.2d 1225 (9th Cir. 1972), the District Court issued a bench warrant for the return of a federal probationer while the probationer was in state custody. Although the warrant was issued within the probationary period, it was executed more than a year later and after the expiration of the original probation period. Our court held that the execution of the warrant could await the outcome of pending state criminal charges and sentences without constituting unreasonable delay and that the District Court retained jurisdiction to revoke probation, even though the original probationary period had expired while the federal probationer was in state custody. *Bartholdi, supra*, at 1226. *See also Nicholas v. United States*, 527 F.2d 1160, 1161–62 (9th Cir. 1976). In the present case, the District Court issued an Order to Show Cause in addition to the bench warrant. This fact, however, does not call for the application of a rule different than the rule plainly set forth in *Bartholdi*. Moreover, we reject appellant's contention that *Bartholdi* is no longer the law of this Circuit because of subsequent enactment of the Parole Commission and Reorganization Act, 18 U.S.C. §§ 4201–4218.

The appellant also contends that he should have been given credit on his federal sentence from the date of the March, 1976 Order. We reject this contention as well. The fact that the Order was executed 26 months after its issuance did not prejudice the appellant. The District Court had the authority to revoke the probation and require the probationer to serve the full sentence originally imposed, or any lesser sentence. 18 U.S.C. § 3653. Had the District Court chosen to do so, it could have granted, retroactively, the equivalent of concurrent sentences. *Cf. Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (parole revocation); *United States ex rel. Hahn v. Revis*, 560 F.2d 264, 266 (7th Cir. 1977) (parole revocation). The District Court rejected appellant's request that this or a similar approach be taken, however, and, instead, imposed the federal sentence concurrent only with that portion of the state sentence remaining to be served on May 22, 1978. This sentencing decision fell, quite clearly, within the discretionary power of the District Court. *See United States v. Lustig*, 555 F.2d 751, 753 (9th Cir. 1977).

AFFIRMED.