**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William Delano ESPINDOLA,
Defendant-Appellant.**

**No. 80–1739.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 24, 1981.

Decided July 13, 1981.

Steven K. Christensen, Hilo, Hawaii, for defendant-appellant.

Stephen D. Tom, Asst. U. S. Atty., Honolulu, Hawaii, argued for plaintiff-appellee; Melvin K. Soong, Asst. U. S. Atty., Honolulu, Hawaii, on brief.

Before KILKENNY, SNEED and FARRIS, Circuit Judges.

PER CURIAM:

Appellant seeks to overturn an order revoking his probation on the ground that inasmuch as his probationary period had expired, the district court had no jurisdiction to entertain a petition to revoke it. The government insists the period had not expired and that, as a consequence, the district court did not lack jurisdiction. We agree with the government and affirm the judgment.

The issue is whether under the facts of this case appellant's probation period of five years expired on August 4, 1980. Appellant argues that it did and that an effort to revoke that probation commenced on August 6, 1980 comes too late. The facts are simple. On August 4, 1975, appellant was sentenced to one year of imprisonment on condition that he serve two months and remain on probation for five years. The court ordered the period of "probation to commence upon release from confinement" (CT 8). At appellant's request, confinement was stayed for a period of two weeks. On August 18, 1975, appellant was confined. On September 22, 1975 appellant's sentence was modified to reduce his period of confinement to 35 days, the amount of time already served, and appellant was released from confinement.

Appellant relies on *United States v. Rosenstreich*, 204 F.2d 321 (2d Cir. 1953), to establish that probation commences when the sentence is imposed, while the government argues that *United States v. Bartholdi*, 453 F.2d 1225 (9th Cir. 1972), recognizes that the sentencing court may provide otherwise which, the government points out, was done in this case.

It is not necessary that we adopt either position unqualifiedly. We express no opinion regarding the commencement of probation when confinement follows sentencing in the ordinary manner. That did not happen in this case, however. At the request of the plaintiff mittimus, or warrant of commitment, was stayed for two weeks. Under these circumstances and for the purposes of this case, probation should be deemed to commence at the earliest no sooner than August 18, 1975. We so hold. The appellant should not be able to commence the running of the period of probation at the date of sentencing when confinement at his request is delayed until a later date.

The court revoking appellant's probation had jurisdiction to do so. The probationary period had not expired.

Affirmed.