**UNITED STATES of America, Plaintiff,**

v.

**John Almer PRICE, Defendant.**

**No. CR–2–78–34.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Oct. 7, 1981.

Guy Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for plaintiff.

Jerry Goodson, Greeneville, Tenn., for defendant.

## MEMORANDUM TO PROBATION OFFICER

NEESE, District Judge.

The supervising probation-officer herein petitioned the Court to issue a bench warrant for the apprehension of the probationer Mr. John Almer Price " * * * to be placed as a detainer * * * " with the sheriff of Johnson County, Tennessee " * * * pending the outcome * * * " of pending prosecutions of the probationer there by the state of Tennessee. The application, on that basis, hereby is

DENIED.

The office of a detainer is to give notice to any authority holding a defendant that he is wanted and should be detained for federal authorities before he is released by state authorities from custody. *See United States v. Mauro* (1978), 436 U.S. 340, 358, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329, 346[6], and *United States v. Dixon*, C.A. 6th (1979), 592 F.2d 329, 332, n. 3. If a detained defendant were convicted in a prosecution by authorities of the state of Tennessee and given a substantial sentence of imprisonment, the detainer would, under those circumstances, remain outstanding ostensibly for years.

This is contrary to the intendment of 18 U.S.C. § 3653, which includes the provision that: " * * * As speedily as possible after arrest [meaning in this instance, the execution of the federal warrant for probation-violation] the probationer shall be taken before the court for the district having jurisdiction over him. * * * " It has been cautioned that " * * * a long delay between the issuance of an arrest warrant [for violation of the terms and conditions of probation] and its execution may be unreasonable and a deprivation of due process to such an extent that it divests the court's subject-matter jurisdiction [over the probation-revocation proceedings]. * * * " *United States v. Strada*, C.A. 8th (1974), 503 F.2d 1081; 1084[3].

The Court recognizes that the probationer might be acquitted of the current charge against him by the state of Tennessee. This is an element of possibility in determining whether to apply for the immediate issuance and service of a federal warrant for probation-violation. But, such a warrant may issue anytime before the pertinent period of probation expires. *United States v. Olmos-Esparza*, C.A. 9th (1979), 600 F.2d 187, 189[1]. The Court understands the probationer is already under a sentence of from 1 to 2 years of the state of Tennessee.

By order of March 31, 1981, in *United States v. McKinily Brown*, no. CR–2–78–24, the Court ordered the issuance of such a warrant but a delay in its execution while the probationer remained in the *physical* custody of the state of Tennessee and required execution if the probationer were enlarged on bail or otherwise by the state. The order provided for the withdrawal of the warrant if it were not executed within 6 months of its issuance, *etc.* The order was vacated on September 28, 1981. The dangers inherent in no. CR–2–78–24, that the probationer might be enlarged and remain so after having violated the terms and conditions of his probation, do not appear to be present here.

 If the probation officer wishes to apply for the issuance of a warrant for probation-violation, he may do so; the Court declines to issue one such, to be lodged as a detainer under the circumstances of this case. It is the general policy of this Court not to issue any such warrant for the sole purpose of detainer.