959 F.2d 243
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronn Adair WESTFALL, Defendant-Appellant.
 No. 91-10063.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 10, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronn Adair Westfall appeals the revocation of his probation. He pleaded guilty to interstate transportation of stolen goods, in violation of 18 U.S.C. § 2315. On December 9, 1985, imposition of sentence was suspended, and he was placed on supervised probation for five years. On January 16, 1991, the district court revoked probation and sentenced him to four years imprisonment. Westfall contends that (1) the district court erred by revoking probation and (2) the four-year sentence was excessive. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Revocation of Probation
 
 
 4
 The government petitioned for revocation of probation because Westfall: (1) violated the law by (a) making a false representation while seeking employment and (b) making fraudulent insurance claims; (2) failed to inform his probation officer of contact with law enforcement officers; (3) failed to pay restitution as directed because he did not report insurance claim payments and did not apply them to his restitution; (4) did not report monthly to the probation officer; and (5) did not follow the probation officer's instruction to disclose certain insurance claims. The government later withdrew allegation 1(a), and the district court found that Westfall had violated conditions 1(b), 3, 4, and 5.
 
 
 5
 On appeal, Westfall contends that the district court violated Fed.R.Crim.P. 32.1 by permitting two witnesses to testify about his violation of condition 1(b), and that his attorney should have withdrawn because of a conflict of interest in connection with that condition. He contends that the district court erred by finding that he violated condition 3 because he made full restitution by May 1990. He also contends that the district court erred by finding that he violated condition 5 because the evidence showed that he had amnesia and because the district court improperly considered a pending indictment. These contentions lack merit.
 
 A. Rule 32.1
 
 6
 Westfall contends that he was given insufficient notice of the testimony of government witnesses Jerry Hathaway and Deborah Lyle because the government did not disclose their names before the revocation hearing and did not give him written notice that he had violated condition 1(b) with respect to an insurance claim arising on June 4, 1990.
 
 
 7
 When the government has petitioned for probation revocation, the defendant must be given a revocation hearing within a reasonable time, written notice of his alleged violation, and disclosure of the evidence against him. Fed.R.Crim.P. 32.1(a)(2); United States v. Tham, 884 F.2d 1262, 1265 (9th Cir.1989) (probation revocation petition gave sufficient written notice of violation by specifying general dates of events, location where they occurred, and individuals involved); see United States v. Donaghe, 924 F.2d 940, 944 (9th Cir.) (no error if government does not use undisclosed evidence or if evidence does not prejudice defendant), cert. denied, 112 S.Ct. 204 (1991). The defendant also must be given the opportunity to cross-examine adverse witnesses. Fed.R.Crim.P. 32.1(a)(2)(D). The defendant is not, however, entitled to a list of witnesses before the hearing. See United States v. Steele, 785 F.2d 743, 750 (9th Cir.1986) (a defendant in a non-capital case is not entitled to a list of witnesses before trial). Moreover, while the defense has a right of access to witnesses, witnesses have a right to refuse to be interviewed. United States v. Black, 767 F.2d 1334, 1338 (9th Cir.), cert. denied, 474 U.S. 1022 (1985).
 
 
 8
 Here, the government's petition for revocation of probation stated that Westfall had made fraudulent insurance claims and that "[t]hese insurance claims and eight others occurring between April 1987 and June 1990 are being investigated by the Insurance Crime Prevention Institute for possible referral for criminal prosecution." The petition also stated in connection with violation of condition 5 that Westfall "had filed claims with loss dates of February 23, 1990 and June 4, 1990." Accordingly, the petition provided sufficient written notice of alleged probation condition violations in connection with the insurance claim of June 4, 1990. See Fed.R.Crim.P. 32.1(a)(2)(A); Tham, 884 F.2d at 1265. Westfall was not entitled to pre-hearing disclosure of Hathaway and Lyle's names. See Steele, 785 F.2d at 750. Moreover, the district court granted a continuance to permit Westfall to prepare to cross-examine Hathaway, and Lyle was contacted first by defense counsel and refused to be interviewed. See Black, 767 F.2d at 1338. Accordingly, the district court did not err by permitting Hathaway and Lyle to testify.
 
 B. Withdrawal of Counsel
 
 9
 Westfall contends that his attorney had a conflict of interest and should have withdrawn because the attorney had represented him in connection with one of the allegedly fraudulent insurance claims.
 
 
 10
 "Under the sixth amendment a criminal defendant has the right to be represented by counsel whose loyalties are undivided." United States v. Allen, 831 F.2d 1487, 1494 (9th Cir1987), cert. denied, 487 U.S. 1237 (1988). The district court has an affirmative duty to protect a defendant's rights and must inquire into any potential conflict of interest. Id. To establish reversible error, a defendant must establish that his attorney represented conflicting interests and that the conflict affected the adequacy of his representation. United States v. Mims, 928 F.2d 310, 313 (9th Cir.1991); Allen, 831 F.2d at 1495. The defendant need not, however, demonstrate prejudice. Allen, 831 F.2d at 1495.
 
 
 11
 Here, the petition for probation revocation alleged that in 1987 Westfall filed two insurance claims in which he attempted to obtain payment twice for lost wages. Stanton Bloom, Westfall's attorney at the revocation hearing, also represented him in connection with one of these insurance claims. The government introduced a demand letter by Bloom and cross-examined Westfall as to whether he or Bloom fabricated the lost wages discussed in the letter.
 
 
 12
 Westfall contends that Bloom represented conflicting interests because it was in Bloom's interest to show that Westfall, rather than Bloom, was responsible for any fraud. Westfall has not shown that the adequacy of Bloom's representation was affected by any possible confict of interest. See Mims, 928 F.2d at 313; Allen, 831 F.2d at 1495. Accordingly, his contention lacks merit.
 
 
 13
 C. Restitution and Disclosure of Insurance Claims
 
 
 14
 Westfall contends that any violation of the restitution condition was moot because he made full restitution before the probation revocation hearing. He also contends that the district court erred by finding that he violated condition 5 because the evidence showed that he had amnesia and because the district court improperly considered a pending indictment.
 
 
 15
 We review the revocation of probation for an abuse of discretion. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). "The district court must resolve two issues at a revocation hearing: 1) whether a violation of a probation condition occurred; and 2) whether probation should be revoked as a result." Tham, 884 F.2d at 1266. To revoke probation, the district court must be " 'reasonably satisfied' " that the defendant violated a probation condition. United States v. Garcia, 771 F.2d 1369, 1371 (9th Cir.1985) (quoting United States v. Guadarrama, 742 F.2d 487, 489 (9th Cir.1984) (per curiam)); but see United States v. Hamilton, 708 F.2d 1412, 1415 (9th Cir.1983) ("revocation proceedings should [not] be an automatic reaction to technical or minor violations," and violations may become stale or be waived as a basis for revocation). If the district court errs by finding that the defendant violated one probation condition, violation of another probation condition provides an independent and sufficient ground for revocation. Laughlin, 933 F.2d at 790.
 
 
 16
 Here, the revocation hearing was held in January 1991, and Westfall finished paying restitution in May 1990. Nonetheless, his probation officer testified that Westfall had failed to report insurance claim payments as income and had attempted to reduce the restitution owed when he had funds available to make restitution. Because this failure to make restitution as directed by the probation officer was not a mere technical or minor violation, the district court did not err by finding that Westfall had violated condition 3. See Garcia, 771 F.2d at 1371; cf. Hamilton, 708 F.2d at 1415 (after three years, violations of which the district court had been apprised and upon which the defendant had sought corrective action were waived as a basis for revoking probation).
 
 
 17
 The probation revocation petition alleged that Westfall had failed to follow the probation officer's instructions because "[o]n July 5, 1990, the probation officer instructed Mr. Westfall to disclose any insurance claims he had filed over the past six months. He denied making any claims. In fact, he had filed claims with loss dates of February 23, 1990 and June 4, 1990." Westfall testified that he could not remember those claims and had asked the probation officer to contact his wife for information about the claims. Westfall also introduced evidence that he had amnesia. He contends that the district court therefore erred by finding that he had violated condition 5.
 
 
 18
 The government, however, introduced evidence that on July 6, 1990, the day after he told the probation officer he had not filed any claims, Westfall gave a detailed accounting of the accident of June 4, 1990. Because this evidence supported a finding that Westfall's claim of amnesia was not credible, the district court did not err by finding that he had failed to comply with the probation officer's instructions. See Garcia, 771 F.2d at 1371.
 
 
 19
 Moreover, based on this violation and others, the district court did not abuse its discretion by revoking Westfall's probation. See Laughlin, 933 F.2d at 788; Tham, 884 F.2d at 1266. Furthermore, even if the district court erred by finding that Westfall violated conditions 1(b), 3, and 5 or by considering a pending indictment that had been excluded from evidence, Westfall's violation of condition 4 alone provided sufficient basis for probation revocation. See Laughlin, 933 F.2d at 790.
 
 II
 Sentence
 
 20
 Westfall contends that his four-year sentence was excessive because he would have received a much lower sentence if the district court had applied the United States Sentencing Guidelines.
 
 
 21
 When probation has been revoked, the district court may impose only a sentence that might originally have been imposed. 18 U.S.C. § 3653; United States v. Foster, 904 F.2d 20, 21 (9th Cir.1990). The Guidelines do not apply to offenses committed before November 1, 1987, United States v. Rewald, 835 F.2d 215, 216 (9th Cir.1987), and a pre-Guidelines sentence within statutory limits generally is not subject to review, United States v. Endicott, 803 F.2d 506, 510 (9th Cir.1986).
 
 
 22
 Westfall committed the offense before the Guidelines took effect. See Rewald, 835 F.2d at 216. Accordingly, the district court did not err by imposing a four-year sentence. See Endicott, 803 F.2d at 510.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3