972 F.2d 1343
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David R. CAMPOS, Defendant-Appellant.
 No. 91-10458.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 5, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David R. Campos appeals the denial of his motion for additional hearing on the government's petition to revoke his probation. He contends that because he offered newly discovered evidence to impeach a government witness, the district court erred by denying the motion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 On September 15, 1986, Campos pleaded guilty to firearm possession by a felon, in violation of 18 U.S.C. §§ 922(h)(1) and 924(a). On January 9, 1987, imposition of sentence was suspended, and he was placed on probation for five years. On September 18 and December 6, 1990, the government filed two probation revocation petitions alleging that (1) three of Campos's urine specimens had tested positive for cocaine; (2) he had been charged in state court with kidnapping, aggravated assault, and obstructing a criminal investigation; (3) he had possessed a firearm; and (4) he had negotiated with an undercover agent for the purchase of 1,000 pounds of marijuana. He denied the third and fourth allegations. He admitted the first and second allegations but argued that the second did not constitute a probation violation.
 
 
 4
 At an evidentiary hearing on July 19, 1991, Special Agent David Garcia testified that he had negotiated a marijuana purchase with Campos and that an informant had told him Campos had a gun. Garcia also testified about the informant's description of the basis for the state charges. Defense counsel stated that Campos had pleaded guilty to the state charge of obstrucing a criminal investigation and was serving a sentence in state prison on that conviction. The district court found that Campos had violated probation conditions by using cocaine, obstructing a criminal investigation, possessing a firearm, and negotiating for the purchase of marijuana. The district court then continued the proceeding to permit Campos to "present anything in mitigation."
 
 
 5
 On August 19, 1991, Campos filed a motion for rehearing to permit him to impeach Garcia's testimony regarding the second and third probation violations with evidence that the informant was not reliable. At a hearing on September 4, 1991, the district court refused to hear the impeachment evidence. It then revoked Campos's probation and sentenced him to five years imprisonment.
 
 
 6
 When the government petitions for probation revocation, the defendant is entitled to a hearing at which he must be given an opportunity to present evidence in his behalf and to question adverse witnesses. Fed.R.Crim.P. 32.1(a)(2); Black v. Romano, 471 U.S. 606, 611-12 (1985); see United States v. Tham, 884 F.2d 1262, 1266 (9th Cir.1989) ("[t]he district court must resolve two issues at a probation revocation hearing: 1) whether a violation of a probation condition occurred; and 2) whether probation should be revoked as a result"); United States v. Garcia, 771 F.2d 1369, 1371 (9th Cir.1985) (to revoke probation, the district court must be reasonably satisfied that the defendant violated a probation condition); see also United States v. Laughlin, 933 F.2d 786, 790 (9th Cir.1991) (if the district court errs by finding that the defendant violated one probation condition, violation of another probation condition may provide an independent and sufficient ground for revocation).
 
 
 7
 Here, there is no dispute that at the July 19 hearing Campos was given an opportunity to present evidence and to cross-examine Garcia and the other government witness. See Fed.R.Crim.P. 32.1(a)(2); Romano, 471 U.S. at 611-12. Moreover, the additional evidence did not go to the first and fourth probation violations, and due to defense counsel's statements at the July 19 hearing the additional evidence was unlikely to shed light on the second violation. See Laughlin, 933 F.2d at 790. Accordingly, the district court did not err by refusing to grant Campos a second opportunity to present evidence. See Fed.R.Crim.P. 32.1(a)(2); Romano, 471 U.S. at 611-12.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3