### UNITED STATES of America, Plaintiff—Appellee,

v.

### Louis Eugene JACKSON, Defendant— Appellant.

No. 05–30269.

United States Court of Appeals, Ninth Circuit.

Submitted March 9, 2006.*

Filed March 29, 2006.

Stephen F. Peifer, Esq., USPO—Office of the U.S. Attorney Mark O. Hatfield U.S. Courthouse, Portland, OR, for Plaintiff–Appellee.

Laura Graser, Esq., Portland, OR, for Defendant–Appellant.

Before: BRUNETTI, T.G. NELSON, and PAEZ, Circuit Judges.

### MEMORANDUM **

Louis Jackson ("Jackson") appeals an order of the district court revoking his supervised release and imposing a 24–

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

month prison sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review for abuse of discretion the district court's decision to revoke supervised release. *United States v. Verduzco,* 330 F.3d 1182, 1184 (9th Cir.2003). Because a "copy of a probationer's [state court] conviction in itself constitutes sufficient proof that a probationer has committed a crime in violation of the terms of his probation," *United States v. Garcia,* 771 F.2d 1369, 1371 (9th Cir.1985), and because a judgment of conviction is considered final unless and until it is reversed on appeal, *United States v. Allen,* 457 F.2d 1361, 1363 (9th Cir.1972), the district court did not err in revoking Jackson's supervised release.

Jackson next argues that the district court "violated his Due Process rights ... by not asking him personally whether he admitted the alleged violation." The district court properly relied on a copy of the state court conviction as proof that Jackson violated the terms of his supervised release and was not required to ask Jackson whether he admitted the violation. Further, the district court complied with the due process protections required in revocation hearings by Fed.R.Crim.P. 32.1(b)(2). The court required the government to produce evidence of the alleged violation, allowed Jackson to call witnesses on his behalf, and provided Jackson with an opportunity to address the court. The record amply demonstrates that the district court did not violate Jackson's procedural due process rights.

**AFFIRMED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.