993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond S. MILLARD, Defendant-Appellant.
 No. 91-30051.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 17, 1993.
 
 Before: BROWNING, KOZINSKI and RYMER, Circuit Judges.
 MEMORANDUM**
 Raymond S. Millard appeals his sentence imposed following entry of a guilty plea to conducting financial transactions to promote cocaine distribution in violation of 18 U.S.C. § 1956(a)(1)(A)(i). Millard contends the district court erred by failing to grant him a downward adjustment in his United States Sentencing Guidelines offense level under U.S.S.G. § 3B1.2 for being a minor participant in the offense of conviction. Millard also contends he received ineffective assistance of counsel because his trial counsel failed to argue for such an adjustment participant reduction in his offense level. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 The district court's determination regarding a defendant's role in the offense is a factual one. United States v. Andrus, 925 F.2d 335, 337 (9th Cir.), cert. denied, 112 S.Ct. 249 (1991). Where a defendant fails to raise in the district court an objection to the factual accuracy of the presentence report, he waives the right to raise the challenge on appeal. United States v. Visman, 919 F.2d 1390, 1393-94 (9th Cir.1990), cert. denied, 112 S.Ct. 442 (1991) (defendant waived right to object to adjustment for obstruction of justice where he failed to raise issue in district court).
 
 
 1
 At sentencing, Millard did not argue for an adjustment based on his alleged minor role in the offense of conviction and did not object to the lack of such a recommendation in the presentence report. Millard has waived his claim that he was entitled to a downward adjustment for minor role in the offense by failing to raise it in the district court and we decline to address it for the first time on appeal. See id.
 
 
 2
 To the extent that Millard premises his argument on a claim of ineffective assistance of counsel, or raises an independent claim of ineffective assistance of counsel, we also decline to address this issue on direct appeal. Generally, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Trial counsel has had no opportunity to explain her decision not to argue for a minor role reduction for Millard. See id. at 789.
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Millard's motion for permission to file a late reply brief in this appeal is granted. The reply brief received on March 29, 1993 is ordered filed