953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Derrick H. BROWN, Defendant-Appellant.
 No. 89-50286.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Derrick H. Brown appeals his conviction following a conviction by jury for two counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) & (d), and two counts of using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). Brown raises two contentions of error on appeal: (1) the district court erred by permitting in-court identification of him by witnesses whose testimony was irreparably tainted by an impermissibly suggestive pre-trial investigative photographic identification procedure; and (2) his trial attorney failed to provide him effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 When a defendant claims that a pretrial identification procedure was overly suggestive, failure to object to admission of the identification evidence by way of a pretrial suppression motion, as Fed.R.Crim.P. 12(b)(3) requires, results in waiver of the right to challenge that evidence absent a showing of cause and prejudice. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991).
 
 
 4
 Brown attempts to show cause for failure to make the suppression motion below by claiming ineffective assistance of counsel. Generally, we decline to review claims of ineffective assistance of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here. Trial counsel has had no opportunity to explain his actions regarding the failure to move for suppression of the pretrial identification evidence or any of his other actions which allegedly amount to ineffective assistance. Therefore, Brown has failed to demonstrate cause and prejudice on the record before us. See id. at 789.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3