958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Grant YEROOMIAN, Defendant-Appellant.
 No. 91-50596.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 5, 1992*.
Decided March 17, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORAMDUM**
 
 
 2
 Defendant Grant Yeroomian ("Yeroomian") appeals his conviction for failing to report the transportation from the United States of more than $10,000, in violation of 31 U.S.C. § 5316(a)(1)(A) (1988), and making a materially false statement, in violation of 18 U.S.C. § 1001 (1988). We now affirm.
 
 
 3
 Yeroomian's first challenge to his conviction is that he received ineffective assistance of counsel because his trial counsel failed to cross-examine customs officials regarding the absence of notice to Yeroomian of the reporting requirements. We review ineffective assistance claims on direct appeal "only if 'the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel' and 'the trial court's failure to take notice sua sponte of the problem' amounted to plain error." United States v. Laughlin, 933 F.2d 786, 789 n. 1 (9th Cir.1991) (quoting United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987)). In this case, the record before us does not reveal either that Yeroomian's legal representation obviously denied him his right to counsel or that the trial court's failure to take notice of the problem constituted plain error. In this case, the transcript shows that Yeroomian's counsel competently pursued the chosen strategy: attempting to convince the jury that Yeroomian did not speak English and could not understand the customs agents. Counsel was not ineffective, much less "so inadequate as obviously to deny [Yeroomian] his sixth amendment right to counsel."
 
 
 4
 Yeroomian's second contention is that the evidence was insufficient to convince a rational finder of fact that he had actual knowledge of the reporting requirements or that he intentionally made false statements regarding his transportation of currency. The basis of Yeroomian's claim is that the evidence was inadequate to demonstrate that he understood English well enough either to understand the reporting requirements or to make false statements about them. At trial, the government presented both the testimony of a United States Customs Inspector who asserted that Yeroomian understood him and the testimony of two bank tellers who testified that Yeroomian spoke to them in English whenever he went to the bank. In light of this testimony, a reasonable finder of fact could have concluded that Yeroomian understood the English language and that, therefore, he both understood the reporting requirements and intentionally made false statements to the Customs Inspector.
 
 
 5
 For these reasons, the district court's ruling is
 
 
 6
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3