959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco BLUMENKRON-GARCIA, Defendant-Appellant.
 No. 89-10217.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francisco Blumenkron-Garcia appeals his convictions following jury trial for possession of five kilograms or more of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii)(II), and importation of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a) and (b). Blumenkron-Garcia contends that he was denied effective assistance of counsel during his trial. We have jurisdiction under 28 U.S.C. § 1291 and we dismiss the appeal.
 
 
 3
 "As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal. Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (citations omitted).
 
 
 4
 Here, Blumenkron-Garcia has not followed the appropriate procedures by first challenging the effectiveness of defense counsel in a habeas corpus proceeding.[1] The record lacks facts necessary to properly address his claim on direct appeal. See Laughlin, 933 F.2d at 789. Thus, we decline to address Blumenkron-Garcia's claim. See id.
 
 
 5
 APPEAL DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Blumenkron-Garcia filed a habeas corpus petition also seeking review of his ineffective assistance of counsel claim. Because this appeal was pending, the district court could not entertain the petition. See United States v. Deeb, 944 F.2d 545, 548 (9th Cir.1991). Blumenkron-Garcia may, however, renew his habeas corpus petition once his direct appeal is resolved