968 F.2d 1221
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Anthony BLISS, Defendant-Appellant.
 No. 91-50644.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 8, 1992.*
Decided July 13, 1992.
 
 Before POOLE, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Bliss appeals his conviction, following a guilty plea, for possession of counterfeit currency, distribution of methamphetamine and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. §§ 472, 841(a)(1) and 924(c)(1). Bliss contends that the district court erred by denying his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Hoyos, 892 F.2d 1387, 1399 (9th Cir.1989), cert. denied, 111 S.Ct. 80 (1990); United States v. Rios-Ortiz, 830 F.2d 1067, 1069 (9th Cir.1987).
 
 
 4
 A district court may permit the withdrawal of a guilty plea before sentencing for any fair and just reason. Fed.R.Crim.P. 32(d); United States v. Signori, 844 F.2d 635, 637 (9th Cir.1988). "It is well-established that a defendant has no right to withdraw his guilty plea, and that a withdrawal motion is committed to the sound discretion of the district court. Moreover, although a motion to withdraw a guilty plea should be freely allowed, the defendant has the burden on appeal to show that the district court abused its discretion in denying the motion." Signori, 844 F.2d at 637 (citations omitted).
 
 
 5
 Here, Bliss contends that he should have been allowed to withdraw his guilty plea "in order [to] retain substitute counsel of his choosing and to meet with such counsel to fully explore the ramifications of his guilty pleas." See Appellant's Opening Brief at 7. He does not allege that his change of plea hearing did not meet the requirements of Fed.R.Crim.P. 11, nor does he allege newly discovered evidence or any other reason for withdrawing his plea that did not exist when he pled guilty.[1] Instead, he argues that he should be allowed to withdraw his guilty plea because the government would not be prejudiced, thus urging a lenient interpretation of Rule 32(d). We have previously considered this argument and squarely rejected it. See Rios-Ortiz, 830 F.2d at 1069-70 (defendant's later change of heart was insufficient reason to allow presentencing withdrawal of a guilty plea). Moreover, Bliss' right to appointed counsel does not imply a right to appointed counsel of his choice. See United States v. Torres-Rodriguez, 930 F.2d 1375, 1380 n. 2 (9th Cir.1991) ("[a]n indigent defendant is entitled to appointed counsel, but not necessarily to appointed counsel of his choice"); see also United States v. Robinson, No. 90-10433, 90-10470, slip op. 6667, 6681 (9th Cir. June 15, 1991) (defendant failed to show that he had a right to specific appointed counsel or that present appointed counsel tainted his appeal).
 
 
 6
 Therefore, we hold that the district court did not abuse its discretion in denying Bliss' motion to withdraw his guilty plea. See Rios-Ortiz, 830 F.2d at 1070.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 At sentencing, Bliss introduced a six-page letter, appearing to allege ineffective assistance of counsel. The district court considered the letter and conducted an evidentiary hearing on the issues raised. Although represented by appointed counsel on appeal, Bliss has submitted a pro se brief. He again raises ineffective assistance of counsel. Bliss also raises numerous other issues for the first time on appeal
 Generally, we decline to review claims of ineffective assistance on counsel on direct appeal, which are more appropriately raised in a 28 U.S.C. § 2255 habeas corpus petition. See United States v. Laughlin, 933 F.2d 786, 788-89 (9th Cir.1991). In addition, we generally "will not consider an issue raised for the first time on appeal...." Fry v. Melaragno, 939 F.2d 832, 835 (9th Cir.1991). For the aforementioned reasons, we decline to address the arguments raised in Bliss' pro se brief.