985 F.2d 574
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Carlos BARRON, Defendant-Appellant.
 No. 90-50382.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carlos Barron appeals his conviction, following a guilty plea, for possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Barron contends that (1) the district court erred by denying his motion to suppress the evidence seized from his vehicle, and (2) he received ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 1. Motion to Suppress
 
 3
 Barron claims that the district court erred by denying his suppression motion because the border patrol agents lacked reasonable suspicion for the stop. Alternatively, Barron contends that he did not voluntarily consent to the search. We do not address these claims because Barron did not enter a conditional guilty plea preserving his right to appeal the adverse ruling. See Fed.R.Crim.P. 11(a)(2); see also United States v. Carrasco, 786 F.2d 1452, 1454-55 (9th Cir.1986) (declining to review denial of suppression motion where defendant failed to enter a conditional guilty plea).
 
 2. Ineffective Assistance of Counsel
 
 4
 Anticipating our holding, Barron contends that he received ineffective assistance of counsel because his attorney failed to preserve his right to appeal the suppression motion.
 
 
 5
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal. Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (citations omitted); accord United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992).
 
 
 6
 Here, the record lacks facts necessary to properly address Barron's claim on direct appeal. See Daly, 974 F.2d at 1218. Accordingly, we decline to address his claim. See id.; Laughlin, 933 F.2d at 789.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3