996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George KOSTH, Defendant-Appellant.
 No. 89-50293.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 1, 1993.
 
 Before: CANBY, FERNANDEZ, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Kosth appeals from the district court's revocation of his probation and imposition of a one year sentence for the reason that he possessed and used cocaine in violation of the conditions of his probation. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 * In March 1989, Kosth's sister called Probation Officer Patricia Smith to tell her that Kosth had been using cocaine, stopped taking his lithium for manic depression, was carrying knives and had threatened to kill himself. Smith notified the police. When the police arrived at Kosth's home, they found him in an agitated state. His sister, who was present, told the officers that her brother used cocaine and was a manic-depressive.
 
 
 4
 Kosth agreed to leave his home and drive to the Veteran's Administration Hospital with his sister. At the hospital, Kosth suspected that the police would arrest him. As he tried to leave, United States Marshals arrested him.
 
 
 5
 The next morning, Kosth admitted to Smith that he had been using cocaine heavily. He also added that he had smoked cocaine in his sister's car en route to the hospital. His sister later confirmed with Smith that Kosth had smoked cocaine in her car. The probation officer asked Kosth to submit to a urinalysis. He refused because he believed his test results "would blow the roof off the courthouse."
 
 
 6
 At his probation revocation hearing, his sister disclaimed ever making any statements to Smith about her brother's cocaine use. Also, Kosth testified that he told Smith that he used cocaine only so she would continue to talk to him.
 
 II
 
 7
 Because Kosth has completed his sentence, we first examine whether his appeal is moot. If an imposed sentence "may have collateral consequences for a defendant in any possible future sentencing, the appeal from such a sentence even if already served, is not moot." United States v. Dickey, 924 F.2d 836, 838 (9th Cir.), cert. denied, 112 S.Ct. (1991).
 
 
 8
 Kosth's prison term exceeded 60 days. If he is sentenced in the future under the Sentencing Guidelines, his criminal history score automatically will increase by two points instead of the one point normally allocated for a probation violation. U.S.S.G. § 4A1.1(b). His appeal is not moot.
 
 III
 
 9
 District courts have "broad authority to revoke probation." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). We review a district court's decision to revoke probation for an abuse of discretion. Id.
 
 
 10
 Probation revocation is governed by 18 U.S.C. § 3565. As amended in 1988, section 3565 mandates that a court revoke probation if it finds that a defendant possesses a controlled substance in violation of a condition of probation imposed by § 3563(a)(3).
 
 
 11
 After hearing the testimony of Kosth, his sister and Smith at the probation revocation hearing, the court said that it was "satisfied that [Kosth] 'used and possessed cocaine.' " We find no abuse of discretion. We uphold the decision to revoke Kosth's probation.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3