28 F.3d 110
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marvin D'Angelo STRICKLAND, Defendant-Appellant.
 No. 93-10584.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 17, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marvin D'Angelo Strickland appeals his conviction following jury trial for distributing cocaine in violation of 21 U.S.C. Sec. 841(a)(1). Strickland contends, first, that the evidence was insufficient to sustain his conviction and, second, that his trial counsel was ineffective. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 * Sufficiency of Evidence
 
 
 4
 Strickland claims that the evidence is insufficient to prove that he associated himself with the distribution of cocaine or that he "in fact" aided or abetted the distribution of cocaine.
 
 
 5
 Sufficient evidence supports a conviction if, " 'reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bishop, 959 F.2d 820, 829 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).
 
 
 6
 In order to be liable as an aider or abettor "it is necessary that a defendant 'in some way associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' " Nye & Nissen v. United States, 336 U.S. 613, 619 (1949) (quoting United States v. Peoni, 100 F.2d 401, 402 (2d Cir.1938)); accord United States v. Smith, 832 F.2d 1167, 1169-70 (9th Cir.1987). The counsel and advice of the aider and abettor must influence the perpetration of the crime. United States v. Barnett, 667 F.2d 835, 841 (9th Cir.1982); see also United States v. Litteral, 910 F.2d 547, 550 (9th Cir.1990).
 
 
 7
 On September 14, 1992, an informant introduced Drug Enforcement Agency ("DEA") Agent Lawrence Matthews, posing as a gun supplier and potential cocaine buyer, to Raymond Owens. The informant told Owens that he and Matthews wanted to buy crack cocaine. A woman loudly berated the informant for bringing Matthews, a stranger, into the apartment. Matthews and the informant left.
 
 
 8
 On September 16, 1992, Matthews, the informant, and Jesse Taylor returned to Owens's apartment. Matthews told Owens he needed a half-ounce of cocaine in rock form. Owens stated it would take twenty minutes to cook. Matthews and the informant left the apartment and drove away. When they returned a short time later, Strickland walked up to the car and introduced himself to Matthews. Strickland stated that he needed some guns, and Matthews indicated he could supply the guns in about ten days. Strickland asked, "What's up?," and Matthews said that he needed some "nega," meaning crack cocaine. Telling Matthews to come with him, Strickland led Matthews to Owens's apartment.[1] Owens asked Strickland, "What's up, blood?" Strickland said, "Take care of him, blood." Strickland left the apartment. Owens told Matthews that he could get him the "merchandise," but that he had to meet with a partner. Matthews and the informant drove Owens to two nearby apartments. The three men then returned to Owens's apartment where Matthews bought crack cocaine from Owens.
 
 
 9
 Strickland concedes that the evidence is sufficient to show that he knew that drugs were distributed at the apartment. Strickland and Owens evidently knew each other and both undoubtedly understood, when Strickland told Owens to "take care of" Matthews, that Owens would attempt to supply cocaine to Matthews. Strickland wanted guns from Matthews and he knew that Matthews needed cocaine. A rational jury could conclude that Strickland wanted Owens to supply cocaine to Matthews so that Matthews would follow through on his promise to supply guns to Strickland. See Smith, 832 F.2d at 1171 (defendant's stake in outcome of criminal venture pertinent to determination that defendant associated himself with criminal venture). A rational jury could find that Strickland associated himself with Owens's distribution of cocaine based on Strickland's knowledge that cocaine was sold at the apartment, his stake in the venture, and his encouragement of Owens. See id. at 1171-72 (defendant aids and abets where he engages in affirmative conduct designed to aid the success of a criminal venture and knows his actions will assist the principal); see also Nye & Nissen, 336 U.S. at 619.
 
 
 10
 As to Strickland's claim that he did not actually influence Owens's distribution of cocaine, Matthews was not able to obtain cocaine from Owens on September 14 or on September 16 the first time he talked to Owens. After Strickland talked to Owens, however, Owens took steps to supply cocaine to Matthews. A rational jury could conclude that Owens decided to supply cocaine to Matthews only after Strickland's urging. The evidence was sufficient to support the conviction. See Barnett, 667 F.2d at 841; see also Smith, 832 F.2d at 1171-72.
 
 II
 Ineffective Assistance of Counsel
 
 11
 Strickland claims his trial counsel was inadequate by failing to cross-examine Matthews more closely and by failing to mention several facts in closing argument.
 
 
 12
 Generally, we will not review challenges to the effectiveness of counsel on direct appeal because facts outside the record, but necessary to the disposition of the claim, are not fully developed in the record on direct appeal. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Such is the case here.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Matthews testified that Strickland opened the door to the apartment, he conceded at trial that his contemporaneous report stated the Owens was standing outside the apartment when Strickland and Matthews approached