89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Colleen NERO, aka Colleen Nave, Colleen McQuisten, Linda Rae
McQuisten, Beverly Jean Oburn, Defendant-Appellant.
 No. 95-10295.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 3, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Colleen Nero appeals her 21-month sentence following guilty pleas to making a false statement in an application for a passport, in violation of 18 U.S.C. § 1542, and possessing unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3). Nero claims that her attorney was ineffective at sentencing. We have jurisdiction under 18 U.S.C. § 3742(a), 28 U.S.C. § 1291, and affirm.
 
 
 3
 Nero contends that her counsel failed to file a motion for a downward departure. Nero contends statements made by counsel at sentencing prejudiced her and resulted in a sentence at the high end of the Guidelines range. Nero finally alleges that there was a breakdown in the attorney-client relationship which affected counsel's performance.
 
 
 4
 Generally, "we will not review challenges to the effectiveness of defense counsel on direct appeal." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). A challenge to the effectiveness of counsel by a post-conviction proceeding is preferable because defendant can develop a record of what counsel did, why it was done, and what prejudice resulted. See United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). Ineffectiveness claims may be reviewed on direct appeal only when the record on appeal is sufficient to allow review of the issue, or when counsel's representation was "so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." United States v. Robinson, 967 F.2d 287, 290 (9th Cir.1992).
 
 
 5
 Counsel has had no opportunity to explain her actions, and Nero refers to facts that do not appear in the record. We therefore do not address Nero's ineffectiveness of counsel claim. See Robinson, 967 F.2d at 290-91; Laughlin, 933 F.2d at 788-89.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3