108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Edward NEVIS, Defendant-Appellant.
 No. 95-10529.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Dec. 16, 1996.
 
 Before: FLETCHER, FARRIS, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Nevis appeals the district court's revocation of his probation for failure to pay restitution. We affirm.
 
 
 3
 Nevis was convicted in 1989 of 24 counts of bank fraud and related offenses in connection with the failure of a Savings and Loan institution. The trial court in the District of Oregon sentenced him to six months in a work release setting[1] and five years of probation. As a condition of probation, he had to pay $2 million in restitution to the Federal Deposit Insurance Corporation ("FDIC"), receiver for the failed institution, in five annual installments of $400,000. Nevis failed to make the first payment, which was due on June 30, 1993. In October 1993, after his move to the Sacramento area, Nevis and his probation officer agreed that he should begin making monthly payments of at least $500, and Nevis apparently did so. This arrangement was never approved by the district court, however. Nevis failed to pay the second $400,000 installment in June 1994. The probation officer then filed a petition to revoke Nevis' probation for failure to pay the two installments. After a hearing, the district court in the Eastern District of California found that Nevis could have paid more restitution than he did and that his failure to pay was willful. As a result, it revoked Nevis' probation and sentenced him to seven years in prison.
 
 
 4
 We review a decision to revoke probation for abuse of discretion. United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991). Courts may revoke probation when the probationer has willfully refused to pay restitution that he has the ability to pay or has failed to make sufficient bona fide efforts to seek employment or borrow money. Bearden v. Georgia, 461 U.S. 660, 668-69 (1983). The probationer must receive fair warning of acts that could lead to revocation, however. United States v. Simmons, 812 F.2d 561, 565 (9th Cir.1987).
 
 
 5
 Nevis argues that his failure to pay was not willful because (1) he lacked fair warning that he still had to comply with the original restitution order after he agreed to the proposed modification and (2) the restitution order did not specify that the FDIC had to be paid ahead of other creditors. We find neither claim persuasive.
 
 
 6
 The district court never approved the proposed modification of the restitution obligation, and Nevis knew it. Judge Panner, the original sentencing judge, specifically told him that the probation office in Oregon was not satisfied with the recommendation that he pay only $500 per month. While the probation officer in Sacramento may have had some discretion to determine the timing and manner of payment, the probation conditions did not authorize her to ignore completely the order that Nevis pay $2 million over five years. Nevis thus had no basis for believing that the $2 million obligation had been changed. The district court did not err in finding that his failure to pay was willful under these circumstances.
 
 
 7
 The fact that Nevis was also supposed to pay his other creditors does not require a different result. The FDIC was Nevis' largest creditor; he owed it approximately $36 million from various civil judgments, not just the $2 million in restitution. Even if the probation conditions did not specify that the FDIC be paid first, Nevis should have made some payment toward this debt. The district court did not, as Nevis complains, require that he pay all of the money he received to the FDIC. Its concern was that he gave almost nothing to the FDIC and instead used his money to prop up failing family enterprises. This behavior goes beyond what the original sentencing court contemplated when it allowed him to carry on his real estate business to earn money for restitution. As a result, we reject the claim that his failure to pay was not willful.
 
 
 8
 We therefore affirm the district court's decision to revoke probation.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The court originally sentenced him to two years in prison, but reduced the sentence in the hope that he would be better able to make restitution while working