**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James Gerald BOEH, Defendant–Appellant.**

No. 00–10377.

D.C. Nos. CR 89–00619 EJG, CR 99–00425 EJG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2001.

Decided July 11, 2001.

Before HUG and T.G. NELSON, Circuit Judges, and PREGERSON,* District Judge.

---

\* The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See United States v. Musa,* 220 F.3d 1096, 1100 (9th Cir.), *cert. denied,* 531 U.S. 999, 121

**MEMORANDUM** \*\*

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

We review a district court's decision to revoke a term of supervised release for an abuse of discretion.[1] The district court abuses its discretion where the record contains no evidence to support its decision,[2] or where it rests its decision on a clearly erroneous finding of material fact.[3]

The district court determined that the amount of heroin in James Gerald Boeh's ("Boeh") possession was sufficient for usage. Further, based on relevant, admissible evidence, the district court found that the totality of the circumstances supported the inference that Boeh intended to distribute the heroin he possessed. The district court did not abuse its discretion in reaching these conclusions. Giving proper deference to the district court's findings, we affirm the district court's determination that Boeh possessed heroin with the intent to distribute, and affirm the resulting 51–month sentence.

AFFIRMED.

---

S.Ct. 498, 148 L.Ed.2d 469 (2000); *United States v. Schmidt,* 99 F.3d 315, 320 (9th Cir. 1996) (citing *United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991)).

2. *Schmidt,* 99 F.3d at 320.

3. *United States v. Sprague,* 135 F.3d 1301, 1304 (9th Cir.1998).