**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Derek Kaleolani AKI, Defendant—
Appellant.**

No. 02–10158.
D.C. No. CR–99–00510–HG.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2003.

Decided May 14, 2003.

Before GOODWIN, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM *

Derek Kaleolani Aki appeals his conviction and sentence following a conditional guilty plea. We affirm.

Aki was arrested when the Honolulu police, while responding to a 911 call, saw what appeared to be controlled substances, in plain view, through the open passenger door of a car that Aki left running on the shoulder of Highway 1. This led to an arrest, a search warrant, and the discovery of the remainder of the evidence that resulted in this prosecution.

Aki executed a written plea agreement, by the terms of which he reserved the right to appeal the denial of his motion to dismiss and his right to appeal on the ground of ineffective assistance of counsel.

Although a court has limited power to dismiss an information, dismissal is a disfavored remedy. *United States v. Rogers,* 751 F.2d 1074, 1076 (9th Cir.1985). The trial court did not err when it rejected Aki's motion to dismiss because the motion was based on alleged misconduct by the police that was only remotely incidental to Aki's arrest and prosecution. Accordingly, none of the grounds for exercise of supervisory powers is present in this case.

With respect to Aki's Sixth Amendment claim, this court generally will not review challenges to the effectiveness of defense counsel on direct appeal. *United States v. Laughlin,* 933 F.2d 786, 788–89 (9th Cir. 1991). If, however, the record on appeal is sufficiently developed to permit review and determination of the issue, the court will consider the claim. *United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000). The record here makes it obvious that Aki was not prejudiced by any deficiency in representation by his various counsel. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). "[I]f, while lawfully engaged in an activity in a particular place, police officers perceive a suspicious object, they may seize it immediately." *Texas v. Brown,* 460 U.S. 730, 739, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983). There is no merit to Aki's contention that his Fourth Amendment rights were violated when the police officer looked into his car through the open passenger door.

All other issues have been waived by Aki pursuant to his plea agreement.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.