**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Stanley Edward JAMISON, Jr.,
Defendant–Appellant.**

No. 02–10422.

D.C. No. CR–99–00369–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Aug. 18, 2003.

Before SCHROEDER, Chief Judge, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM**

Stanley Edward Jamison, Jr. appeals following our limited remand in his prior appeals, Nos. 00–10540 and 00–10541. We remanded for the limited purpose of allowing the district court, in compliance with 18 U.S.C. § 3553(c)(1), to state its reasons for its sentencing decision. Jamison's attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Jamison has filed a pro se supplemental brief and a pro se reply brief.[1]

Our review of the briefs and our independent review of the record under *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), disclose no issues requiring further review. Accordingly, counsel's motion to withdraw is **GRANTED** and the district court's judgment is **AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. To the extent Jamison has raised claims of ineffective assistance of counsel in the pro se briefs, we decline to consider such claims in this direct appeal. *See United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir.1991) ("As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal."). We do not consider the other issues raised in the pro se briefs because they are beyond the scope of this appeal from our limited remand. *See Leslie Salt Co. v. United States*, 55 F.3d 1388, 1392 (9th Cir.1995) ("In the subsequent appeal, the scope of review is narrowed to the limitations of the remand.") (internal quotation omitted).