**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Benjamin LAZARO–ALONZO, a/k/a Benjamin Lazaro, Defendant— Appellant.**

**No. 06–50321.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed May 8, 2007.

Becky S. Walker, Esq., Timothy J. Searight, Esq., USLA—Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Benjamin Lazaro–Alonso, Lompoc, CA, pro se.

Michael Tanaka, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, Defendant–Appellant.

Before: CANBY, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM [*]

Benjamin Lazaro–Alonzo appeals the district court's denial of his motion to reconsider a previous order declining to resentence him after a remand under *United States v. Ameline*.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

The district court properly solicited the views of counsel before deciding whether to resentence Lazaro–Alonso.[2] Although Lazaro–Alonso's counsel did not respond, the district court had enough information to conclude that Lazaro–Alonzo's 70–month sentence would have been the same had the district court known that the Guidelines were advisory at the time of sentencing.[3] Thus, the district court was

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1] *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005).

[2] *See United States v. Montgomery*, 462 F.3d 1067, 1069 (9th Cir.2006) (holding that a district court must "obtain, or at least solicit, the views of counsel in writing before deciding whether re-sentencing is appropriate").

[3] *See Ameline*, 409 F.3d at 1084–85 (describing in detail the procedure under which a case is remanded to the district court to determine whether the sentence imposed would

well within its discretion to deny Lazaro–Alonso's motion to reconsider.[4]

We decline to reach the merits of Lazaro–Alonzo's ineffective assistance of counsel claim.[5] The record is not adequately developed as to the explanations for defense counsel's actions and what, if any, prejudice resulted.[6] Thus, Lazaro–Alonzo's claim is more appropriate for collateral attack under 28 U.S.C. § 2255.[7]

AFFIRMED.

have been materially different had the district court known that the Sentencing Guidelines were mandatory at the time of sentencing).

4. See United States v. Hobbs, 31 F.3d 918, 923 (9th Cir.1994) (stating that this court reviews for abuse of discretion the district court's denial of a motion to reconsider).

5. See United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) ("As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal.").

6. See id. at 788–89 (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (declining to consider an ineffective assistance of counsel claim on direct appeal when the "[f]ormer defense counsel had no opportunity to explain his actions" and the record was not developed as to prejudice).

