**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Glen Earl SIMS, Defendant–Appellant.**

**No. 06–30284.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 20, 2008.*

Filed May 28, 2008.

Gregory A. Gruber, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, Helen J. Brunner, Esq., USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Suite B, Tacoma, WA, for Defendant–Appellant.

Before: PREGERSON, TASHIMA, and GOULD, Circuit Judges.

## MEMORANDUM **

Glen Earl Sims appeals from his jury-trial conviction for being a felon in possession of a firearm and ammunition, being a violent felon in possession of body armor, possession of methamphetamine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Sims contends that his trial counsel was ineffective under *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), because counsel failed to file a motion to suppress a gun and other incriminating evidence. We decline to address this contention because the record on this disputed issue is not sufficiently developed for appellate review. *See United States v. Laughlin,* 933 F.2d 786, 789 (9th Cir.1991) (noting that, in general, we do not review claims of ineffective assistance of counsel on direct appeal because facts outside the record may be necessary to the resolution of such claims.).

In the instant case, trial counsel has had no opportunity to explain his decision not to file the motion to suppress. *See id.* Moreover, the parties raise disputed issues of material fact that are best resolved on a more fully developed record. Thus, we decline to address this claim, which is

more appropriately reserved for a habeas corpus proceeding. *See id.* at 788 (9th Cir.1991); *cf. United States v. Leasure,* 319 F.3d 1092, 1099 (9th Cir.2003) (internal quotations omitted) ("[B]ecause the district conducted a thorough inquiry in a post-trial proceeding, we find the record ... sufficiently developed to permit review").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

