**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10532 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00744-CKJ-JCG-1 |
| v. | |
| CHRIS NERO, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10008 |
| Plaintiff - Appellee, | D.C. No. 4:08-cr-00744-CKJ-JCG-1 |
| v. | |
| CHRIS NERO, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Submitted February 15, 2013[**]
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and CARR, Senior District Judge.[***]

Chris Nero appeals his conviction by plea agreement to three counts of Attempted Evasion of Federal Taxes in violation of 26 U.S.C. § 7201. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

We review claims of ineffective assistance of counsel on direct appeal "only under two extraordinary circumstances, . . . (1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) (quoting *United States v. Ross*, 206 F.3d 896, 900 (9th Cir. 2000)). Neither circumstance is present here. The current record contains little more than generalized assertions of incompetence. Moreover, Nero's former counsel has had no opportunity to explain her alleged actions. *See United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991) (rejecting ineffective assistance of

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

counsel claim on direct appeal where defendant's counsel was not given an opportunity to explain his actions). Nor does the record indicate that Nero received representation "so inadequate that it obviously denie[d]" him his constitutional rights. *Daychild*, 357 F.3d at 1095. If anything, the record refutes many of Nero's allegations. We therefore decline to address Nero's claim on direct appeal.

For the same reasons, we deny Nero's invitation to set aside his guilty plea as a result of his counsel's alleged ineffectiveness. "We do not permit withdrawal of a guilty plea after sentencing unless a manifest injustice would result." *United States v. King*, 257 F.3d 1013, 1024 (9th Cir. 2001) (internal quotation and citations omitted). Given the evidence here indicating that Nero hopes to withdraw his plea primarily because he is unhappy with his sentence, and the lack of evidence that he received inadequate assistance of counsel, denial of Nero's request will result in no manifest injustice. Accordingly, Nero's request is denied.

**AFFIRMED**