**NOT FOR PUBLICATION**



**FILED**

JUN 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10093 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00102-CRB-1 |
| v. | |
| IAN FURMINGER, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10157 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00102-CRB-2 |
| v. | |
| EDMOND ROBLES, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, Senior District Judge, Presiding

Argued and Submitted May 9, 2016
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Ian Furminger, having been convicted of two counts of wire fraud (18 U.S.C. § 1343), one count of conspiracy against civil rights (18 U.S.C. § 241), and one count of conspiracy to commit theft concerning a federally funded program (18 U.S.C. § 371), and Edmond Robles, convicted of the same offenses, as well as theft concerning a federally funded program (18 U.S.C. § 666(a)(1)(A)), appeal their convictions. Furminger additionally challenges his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I

The district court did not abuse its discretion in denying Furminger's motion to sever his trial from codefendant Robles. "There is a preference in the federal system for joint trials of defendants who are indicted together," *Zafiro v. United States*, 506 U.S. 534, 537 (1993), so long as there is no "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," *id.* at 539. Such a determination is left "to the sound discretion of the district courts." *Id.* at 541.

Here, there was no "serious risk" that a joint trial prevented the jury from making a reliable judgment. *See id.* at 539. As the district court noted, because Furminger and Robles were being charged with a conspiracy, it was appropriate to try them together. Any risk that remained was minimized by the district court's limiting instructions. *See United States v. Patterson*, 819 F.2d 1495, 1502–03 (9th Cir. 1987).

II

The district court did not abuse its discretion in allowing the government to introduce various text messages concerning Furminger's financial state. Because nothing in Furminger's text messages appears to have been particularly prejudicial, it is unlikely that the probative value of such evidence was "substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. Given the strength of the government's case against Furminger, even if the district court erred in admitting such evidence, it was more probable than not that the admission of the text messages did not materially affect the verdict. *See United States v. Seschillie*, 310 F.3d 1208, 1214 (9th Cir. 2002). Any error was thus harmless.

III

Furminger and Robles's stipulation that the San Francisco Police Department received more than $10,000 in federal funds in both 2009 and 2010,

provided enough evidence for a rational juror to find, beyond a reasonable doubt, that the San Francisco Police Department received federal funds within the requisite one-year period required by 18 U.S.C. § 666. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The imprecise phrasing of the jury instruction did not undermine the jury's verdict because the sufficiency of the evidence in this case is properly assessed against the charged crime, not the jury instructions. *See Musacchio v. United States*, 136 S. Ct. 709, 713 (2016).

IV

The district court did not err in finding that Furminger was not a "minor participant" in the crimes for which he was convicted under section 3B1.2(b) of the United States Sentencing Guidelines. Although, as the district court noted, Furminger had less direct involvement in some of the individual acts of wrongdoing and at times did not receive the proceeds of Robles's and Vargas's thefts, Furminger nevertheless "fulfilled a critical role in the criminal venture" because his position of enhanced responsibility helped facilitate his subordinates' crimes. *See United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1267 (9th Cir. 1998). As the district court explained, Furminger betrayed the "faith that the department had in him" and failed in his responsibility to stop his subordinates'

wrongdoing. The district court therefore did not err in finding that Furminger was not a "minor participant."[1]

V

The jury had sufficient evidence to convict Robles and Furminger of wire fraud. The government's evidence demonstrated that the officers' misuse of police authority to steal money and other property constituted "false or fraudulent pretenses, representations, or promises," 18 U.S.C. § 1343, because the officers represented to their victims that they were conducting lawful searches and arrests when their true aim was to commit theft. Such deception was directed at the victims of the scheme—the individuals whose rooms were searched. *See United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) ("[T]he intent of the scheme . . . must be to obtain money or property from the one who is deceived . . . ."). Because the wire transmissions themselves need not be false or deceptive so long as they are used to further the scheme, *see United States v. Jinian*, 725 F.3d 954, 965 (9th Cir. 2013), a rational juror could have convicted Robles and Furminger of wire

---

[1]Approximately eight months after Furminger was sentenced, the United States Sentencing Commission amended the commentary to section 3B1.2(b). *See United States v. Quintero-Leyva*, No. 14-50509, 2016 WL 2865713, at *1 (9th Cir. May 17, 2016). We are satisfied that the district court's stated rationale for rejecting Furminger's request for a reduction remains adequate under the revised commentary, which applies retroactively. *See id.*

fraud based on the evidence presented at trial, *see Jackson*, 443 U.S. at 319, which included Vargas's text message and the faxed police report.

VI

The district court did not abuse its discretion when it refused to hear Robles's ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984). Such a claim is "more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." *United States v. Laughlin*, 933 F.2d 786, 788 (9th Cir. 1991). Because Robles's ineffective assistance of counsel claim was "broad-based and the evidentiary record to consider it was sorely lacking," *United States v. Steele*, 733 F.3d 894, 898 (9th Cir. 2013), the district court did not abuse its discretion in declining to consider it.

**AFFIRMED.**