**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10546 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-1037-PHX-GMS |
| v. | |
| FRANCISCO ANIBAL HERNANDEZ-QUIJADA, AKA Francisco Hernandez, AKA Francisco A. Hernandez, AKA Francisco Anibal Hernandez, AKA Francisco Hernandez Quijada, AKA Francisco Hernandez-Quijada, AKA Francisco Quijada, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted September 13, 2017[**]
San Francisco, California

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation.

District Judge.

Francisco Hernandez-Quijada appeals his sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326. He was sentenced to 46 months in prison on November 9, 2015. On appeal, Hernandez brings an ineffective assistance of counsel (IAC) claim, arguing that his sentencing counsel's performance fell below an objective standard of reasonableness because she failed to argue that Ariz. Rev. Stat. § 13-3408(A) is categorically overbroad and indivisible with regard to its specific type of narcotic drug requirement, and thus his prior conviction under that section did not qualify as a prior "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A); as a result, the district court erroneously imposed a 16-level enhancement under the sentencing guidelines. Hernandez further asserts that his waiver of the right to appeal any aspect of his sentence does not apply here because the appeal is based on ineffective assistance of counsel, which falls outside the scope of the appeal waiver and was expressly reserved.

We decline to reach the merits of these claims.[1] In the case at hand, the current record is insufficiently developed to review the IAC claim. *United States v. Moreland*, 622 F.3d 1147, 1157 (9th Cir. 2010) ("[A]s a general rule, we do not

---

[1] Appellant's motions to take judicial notice (Dkt. Nos. 61, 65) and Appellee's motion to take judicial notice (Dkt. No. 64) are **DENIED AS MOOT**.

2

review challenges to the effectiveness of defense counsel on direct appeal. Rather, we prefer to review ineffective assistance of counsel claims in habeas corpus proceedings under 28 U.S.C. § 2255." (alteration in original) (internal quotation marks and citation omitted)). There may have been strategic reasons for counsel's failure to argue that the Arizona statute was categorically overbroad and indivisible regarding its narcotic drug requirement, especially given the law in effect at that time, and development of further evidence is necessary to assess whether counsel performed below the constitutionally required standard. *See United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo-Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). Hernandez may raise his IAC argument on federal habeas procedure, through a § 2255 motion. *United States v. Laughlin*, 933 F.2d 786, 788–89 (9th Cir. 1991) ("Challenge by way of a habeas corpus proceeding is preferable as it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." (citation omitted)).

**DISMISSED.**