34 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sami Fayez S. ABURAHMAH, Defendant-Appellant.
 No. 93-10539.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 9, 1994.
Decided Aug. 25, 1994.
 
 Before: NORRIS, THOMPSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sami Fayez S. Aburahmah challenges his conviction under 18 U.S.C. Sec. 1201 for kidnapping. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Aburahmah first argues we should overturn his conviction because the five year statute of limitations set out in 18 U.S.C. Sec. 3282 had run long before he was indicted. His trial attorney, however, did not raise the statute of limitations as a defense at trial. We have held that "the statute of limitations is an affirmative defense ... and cannot be raised for the first time on appeal." Roberts v. College of the Desert, 870 F.2d 1411, 1414 (9th Cir.1988). Thus, we will not consider whether the statute of limitations should have barred the prosecution.
 
 
 4
 Aburahmah next claims his trial attorney provided ineffective assistance by failing to raise the statute of limitations defense. However, "[a]s a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal. Such an issue is more appropriately reserved for habeas corpus proceedings, where facts outside the record, but necessary to the disposition of the claim, may be fully developed." United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991) (internal citations omitted).
 
 
 5
 Aburahmah asks us to disregard this general rule, claiming that his counsel was obviously inadequate and that the existing record is sufficient to allow us to decide the question. We do not agree that it is clear from the record before us that his counsel was ineffective. Aburahmah cites for support United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991), in which we considered an ineffective assistance claim on direct appeal. In that case, the defendant relied solely on statements his counsel made at trial to show ineffectiveness. Here, Aburahmah asks us to find ineffectiveness based on his attorney's failure to raise the statute of limitations issue as a defense. While the absence of any statute of limitations argument may have been the result of his counsel's failure to do sufficient research, it also may have been the result of a strategic calculation that such a defense would not succeed.[1] On the record before us, we are not prepared to conclude counsel's failure to raise the statute of limitations defense was ineffective assistance.
 
 II
 
 6
 Aburahmah claims the district court should have excluded his 1989 conversation with Detective Eduardo Nunez because Nunez did not give him Miranda warnings. Miranda warnings are required when an individual is subject to custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 477 (1966). Whether a defendant was constitutionally entitled to Miranda warnings is an issue of law reviewed de novo. United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993). We review the district court's underlying factual findings for clear error. United States v. Bland, 908 F.2d 471, 472 (9th Cir.1990).
 
 
 7
 The district court denied Aburahmah's motion to suppress on two grounds: (1) "The defendant was in custody in the Alabama prison system and not under the jurisdiction of the officer asking the questions," and (2) "it was at a stage in the case where he was just one of many suspects." CR 31. The second ground seems to be uncertain based on Detective Nunez's confirmation on cross-examination that Aburahmah was the "only suspect" at the time of the conversation in question. RT 4/19/93 at 14.[2] We need not decide, however, whether the district court's finding that Aburahmah was one of many suspects is clearly erroneous because we affirm his denial of the motion to suppress on the alternative ground that the interrogation was not custodial for the purpose of Miranda.
 
 
 8
 The "free to leave" standard normally used to determine if an interrogation is custodial does not apply to prisoners, for if it did, all prison questioning would be considered custodial. Cervantes v. Walker, 589 F.2d 424, 428 (9th Cir.1978). "Rather, we look to some act which places further limitations on the prisoner." Id.; United States v. Turner, No. 93-30252, slip op. at 7159 (9th Cir. June 30, 1994). "Under this concept, we consider 'the language used to summon the individual, the physical surroundings of the interrogation, the extent to which he is confronted with evidence of his guilt, and the additional pressure exerted to detain him.' " Id. (quoting Cervantes, 589 F.2d at 428).
 
 
 9
 After considering the circumstances surrounding Aburahmah's conversation with Nunez, we conclude the interrogation was not custodial. Nunez called the prison where Aburahmah was incarcerated and left a message. Aburahmah returned the call. There is no evidence that Aburahmah was ordered or pressured to return the call or that the circumstances of the call were any different from a personal call an inmate might make. If Aburahmah had wanted to end the conversation, he could have said good-bye and hung up. See id. at 7160. In this sense, he was free to leave. The tone of the conversation was cordial, and Nunez did not confront him with evidence of his guilt or pressure him to confess.
 
 
 10
 This case is distinguishable from Mathis v. United States, 391 U.S. 1 (1968), because Mathis was interrogated in person by an IRS agent while incarcerated, whereas Aburahmah voluntarily placed a call to Detective Nunez who was thousands of miles away. The district court did not err in denying Aburahmah's suppression motion.
 
 III
 
 11
 Aburahmah argues the district court erred in refusing to discharge a juror who realized, after the trial had started, that she had worked with Detective Nunez nine years earlier. We review for abuse of discretion the district court's decision whether to replace a juror with an alternate. United States v. Gay, 967 F.2d 322, 324 (9th Cir.), cert. denied, 113 S.Ct. 359 (1992). The district court decided not to dismiss the juror because she had not seen Nunez in nine years, had only a distant connection to him, as demonstrated by her failure to recognize his name, and said she could still be fair juror. We cannot say this decision constituted an abuse of discretion.
 
 IV
 
 12
 Aburahmah claims he was denied a fair trial because, after the jury had reached a verdict and signed the verdict form, but before the verdict was read in court, one juror read a newspaper article about the case. We review for abuse of discretion the district court's denial of Aburahmah's motion for a new trial. United States v. George, 960 F.2d 97, 101 (9th Cir.1992). A defendant is entitled to a new trial if there is "a reasonable possibility that [the extrinsic evidence] could have affected the verdict." United States v. Navarro-Garcia, 926 F.2d 818, 823 (9th Cir.1991).
 
 
 13
 Upon discovering that the newspaper had been in the jury room, the district court conducted a hearing. The judge concluded only one juror had read the article, and only after the jury had reached a verdict. It is true that "a jury has not reached a valid verdict until deliberations are over, the result is announced in open court, and no dissent by a juror is registered." United States v. Anzalone, 886 F.2d 229, 231 (9th Cir.1989) (emphasis in original). But, as the district court stated, "although it is possible that a juror could change his or her mind between the end of deliberations and the time of polling, 'experience teaches ... that the likelihood of such a change of mind is remote.' " CR 69 (quoting United States v. Shepherd, 576 F.2d 719, 724-25 (7th Cir.), cert. denied, 439 U.S. 852 (1978)).
 
 
 14
 The district court did not abuse its discretion in concluding there was no reasonable possibility the newspaper article affected the verdict and denying the motion for a new trial.
 
 V
 
 15
 Aburahmah argues the district court erred in failing to instruct the jury that the government must prove the victim was alive when she was transported across state lines. When the district court gives jury instructions requested by the defendant, as was the case here, those instructions are unreviewable under the invited error doctrine. United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991); compare ER 118-122 with ER 146-149. Thus, we cannot reach the question of whether the instructions were proper.
 
 
 16
 Aburahmah also claims his trial counsel's failure to request an instruction on this issue constituted ineffective assistance. As we discussed in Section I, we cannot determine, from the record before us, whether counsel made a strategic choice not to ask for the instruction or whether she was simply negligent. The proper forum for presenting this question is a habeas corpus petition. Laughlin, 933 F.2d at 788.
 
 
 17
 Aburahmah's conviction is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The government presents a number of reasonable arguments in support of its position that the statute of limitations had not expired when Aburahmah was indicted
 
 
 [2]
 On direct examination, Nunez stated: "It was a missing persons report, and the information I had at that particular time was that he, Mr. Aburahmah, was in custody, and that he was her husband. So whether you want to describe that as a suspect or not, I don't know, but he was listed as a contact person on the report." Id. at 7