*600 MEMORANDUM *
Carl- Chester was convicted of three counts of possession with intent to distribute and distribution of a controlled substance (cocaine base) in violation of 21 U.S.C. §§ 841(a)(1) and (b)(l)(A)(iii). The district court sentenced him to twenty-two years imprisonment. Chester now appeals his conviction and sentence.
(1)
The district court’s allowance of the informant’s testimony regarding Chester’s prior drug activity was not an abuse of discretion under Rule 404(b) of the Federal Rules of Evidence. See United States v. Ayers, 924 F.2d 1468, 1473 (9th Cir.1991). The evidence tended to prove knowledge and intent, material points in issue, United States v. Romero, 282 F.3d 683, 688 (9th Cir.2002), the evidence was not too remote in time, United States v. Rude, 88 F.3d 1538, 1550 (9th Cir.1996), and the evidence meets “the low threshold of the third prong of our Rule 404(b) test,” as there was sufficient proof of the prior acts at issue. Romero, 282 F.3d at 688. The probative value of the evidence was not outweighed by any prejudicial effect, especially in light of the district court’s limiting instructions. See United States v. Hollis, 490 F.3d 1149, 1153 (9th Cir.2007).
The district court did not abuse its discretion when it found the government’s evidence of the subsequent search and seizure of Chester’s car relevant to Chester’s knowledge of drug transactions and to Chester’s entrapment defense. See Ayers, 924 F.2d at 1473. The stop was not pretextual because Chester was pulled over while driving eighty miles per hour through a marked construction zone in violation of Nevada law. [ER 999] See United States v. Hernandez, 55 F.3d 443, 445 (9th Cir.1995).
(2)
We affirm the district court’s decision to deny Chester’s proposed jury instructions for the reasons set out by the district court. [ER 662-67.]
(3)
The facts of this case point directly to a jury finding of “crack cocaine.” See Hollis, 490 F.3d at 1156. The terms “crack cocaine” and “rock cocaine” appeared in the indictment and were read aloud to the jury. [ER 1-2; ER 173.] Additionally, the DEA chemist testified that crack and rock were common names for cocaine base [ER 352], multiple witnesses testified that the drugs were crack cocaine or rock cocaine [ER 222, 329, 467], and Chester testified that the drugs in question were crack cocaine [ER 577, 606]. If there was an Apprendi error, it was harmless. See id. at 1157.
(4)
The district court heard the forensic chemist’s testimony that the drug was cocaine base or crack cocaine, and found it credible. [ER 869.] Chester did not challenge the testimony at trial, and has provided no legal authority that requires the presence of sodium bicarbonate for a finding of cocaine base. Chester has not demonstrated by clear and convincing evidence that the district court’s failure to retest evidence prejudiced him, as required under § 3006A(e)(l). See United States v. Sims, 617 F.2d 1371, 1375 (9th Cir.1980). Nor has Chester explained how the failure *601 to re-test the drugs rose to the level of a constitutional violation.
(5)
Chester filed a post-trial Brady motion for, inter alia, unredacted transcripts from an unrelated drug case. [ER 877, 937.] Because we fail to see the exculpatory power of the statement, “Wicked just hit that lick,” its suppression did not deny Chester a right to a fair trial. See Kyles v. Whitley, 514 U.S. 419, 433, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).
The impeachment potential of the payment records is limited by the fact that Chester was given an opportunity to cross-examine Adams regarding his remuneration as a police informant and did so. [ER 401-442, 448-450.] See United States v. Bagley, 473 U.S. 667, 678, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). Because the government’s suppression does not “undermine[] the confidence in the outcome of the trial,” we find no Brady violation. Id.
(6)
The district court did not abuse its discretion in determining that Adams’ use of marijuana during his employ with the police did not violate the universal sense of justice warranting a new trial. See United States v. Slaughter, 891 F.2d 691, 695 (9th Cir.1989).
Because Chester did not move for acquittal at the close of the evidence, we review for plain error. United States v. Delgado, 357 F.3d 1061, 1068 (9th Cir.2004). The district court’s ruling that Adams’ testimony of Chester’s previous drug-related conduct was sufficient evidence of Chester’s predisposition was not plainly erroneous.
Chester waived his speedy trial claim by not moving for dismissal before trial. United States v. Rodriguez-Preciado, 399 F.3d 1118, 1132 (9th Cir.2005).
We fail to reach the merits of Chester’s Sixth Amendment ineffective assistance of counsel claim. “As a general rule, we will not review challenges to the effectiveness of defense counsel on direct appeal.” United States v. Laughlin, 933 F.2d 786, 788 (9th Cir.1991).
(7)
The district court’s finding that Chester misrepresented material facts to the jury, such as falsely claiming to have never handled the drugs, and falsely stating that his primary source of revenue was gambling, was not clearly erroneous. [ER 1170-71.] We find no abuse of discretion in the upward adjustment for willfully impeding or obstructing justice under U.S.S.G. § 3C1.1.
The district Court determined that Chester was a career offender because he had two prior felony convictions for crimes of violence. [ER 1176] U.S.S.G. § 4B1.1. Chester claims that the Nevada conviction for Attempt Battery with Deadly Weapon with Substantial Bodily Harm should not be treated as a felony under the Sentencing Guidelines. The district court relied on the plea agreement and the official judgment, which designates the crime as a “Category D felony.” During the Nevada plea colloquy, Chester acknowledged that he was pleading to a crime that could be treated as a felony punishable for up to four years. [ER 1095-98.]
The district court’s application of the Sentencing Guidelines is consistent with the “Application Notes” to § 4B1.2, which clarify that “ ‘Prior felony conviction’ means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and re *602 gardless of the actual sentence imposed.” The district court did not commit a procedural error in calculating the Sentencing Guidelines range. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
The district court considered the Sentencing Guidelines along with the 18 U.S.C. § 3553 factors. Ultimately, the court imposed a sentence at the low end of the non-career offender range. We find no abuse of discretion.
Accordingly, we AFFIRM.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.