**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10246 |
| Plaintiff - Appellee, | D.C. No. 2:06-CR-00309-RCJ-PAL-1 |
| v. | |
| CARL CHESTER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief District Judge, Presiding

Submitted August 13, 2013[**]
San Francisco, California

Before: GRABER, BEA, and HURWITZ, Circuit Judges.

Carl Chester was convicted by a jury of three counts of possession with

intent to distribute, and distribution of, cocaine base in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(A)(iii). He appeals from his amended sentence of 168 months

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

imposed following the district court's partial grant of his 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Chester argues that he should not have received any criminal history points for (1) several offenses committed while he was between the ages of 18 and 21 because he was not "fully mature" at the time; (2) a 2003 conviction for obstructing a police officer because the offense was not "sophisticated"; and (3) a misdemeanor conviction for domestic violence because it was his first crime of violence. Under the Sentencing Guidelines, however, Chester's chosen factors are irrelevant to the calculation of criminal history points; his arguments fail.

Next, Chester argues he should not have received any criminal history points for his 2005 conviction for obstructing a police officer arising out of an incident when police officers attempted to stop a speeding truck and Chester was found inside the vehicle. Chester argues that he should get no criminal history points because he was not the driver. However, he was nonetheless convicted of obstructing a police officer, so the district court did not err in awarding him criminal history points for that offense. Finally, Chester argues that several offenses should have been consolidated for purposes of calculating his criminal history points. However, each of the offenses was separated by an intervening

2

arrest, so under the Sentencing Guidelines, these offenses must be considered separately. U.S.S.G. § 4A1.2(a)(2).

Chester's argument that the district court erred in applying an obstruction of justice enhancement to his sentence is foreclosed by our law of the case doctrine, which states that "the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Caldwell v. Unified Capital Corp. (In re Rainbow Magazine, Inc.)*, 77 F.3d 278, 281 (9th Cir. 1996) (internal quotation marks omitted). At the initial sentencing, the district court applied the obstruction of justice enhancement because it found Chester had lied to the jury during his trial testimony. Chester appealed the application of the enhancement, and we affirmed, holding that "[t]he district court's finding that Chester misrepresented material facts to the jury, such as falsely claiming to have never handled the drugs, and falsely stating that his primary source of revenue was gambling, was not clearly erroneous." *United States v. Chester*, 319 F. App'x 597, 601(9th Cir. 2009) (unpublished decision).

**AFFIRMED.**