**NOT FOR PUBLICATION**

FILED

MAY 26 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50251 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00849-DSF-1 |
| v. | |
| LUIS VALDEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 2, 2016[**]
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

Luis Valdez appeals his sentence imposed following his guilty plea to illegal re-entry after removal in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court did not plainly err by failing to consider Valdez's arguments regarding deterrence. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The district court noted, "I appreciate Mr. Brown's efforts to present the purported evidence that there's no relationship between the length of a sentence and general or specific deterrence." The district court went further and even agreed with the argument, as applied to Valdez, by stating that Valdez's previous convictions had not deterred him from re-entering. Having addressed Valdez's argument regarding deterrence, the district court proceeded to base its decision on other factors. The court found that a longer sentence would "more appropriately reflect the seriousness of the offense" and "will do more to protect the public from further crimes of the defendant."

2. The district court did not abuse its discretion by imposing an upward variance, because the district court based its decision on the factors enumerated under 18 U.S.C. § 3553(a). After reciting Valdez's criminal history, the district court stated that "[t]o the extent that the enhancement under section 2L1.2 is meant to reflect the seriousness of the crime, it does not adequately do so for this offense." The court noted that, although Valdez's kidnaping offense was not categorically a crime of violence, the conduct underlying the offense had been violent. The district court concluded that "[t]herefore, the nature and circumstances

of the offense, along with the other factors I described, indicate an above-guideline sentence is appropriate."

Valdez argues his sentence was unreasonable, because the district court did not adequately consider his argument that he had returned due to his wife's illness. Contrary to Valdez's assertion, the district court considered and responded to this argument, but found it unpersuasive. The district court noted that Valdez's wife was traveling to Mexico for treatment and asked Valdez why he needed to come to the United States when his wife was receiving treatment in Mexico. Valdez responded that he came to take care of his daughters if anything were to happen to his wife. The court responded by stating that Valdez's multiple previous illegal re-entries had nothing to do with his wife's illness, because she had been diagnosed after the earlier illegal re-entries. The court also noted that this was not a situation where a shorter sentence would allow Valdez to care for his children, because Valdez would not be able to re-enter the United States after being released.

Valdez also argues the district court improperly relied on the violent nature of his kidnaping conviction, because *Descamps v. United States*, 133 S. Ct. 2276 (2013), prohibits a district court from examining facts outside the conviction documents in determining whether the offense was a crime of violence. However, this prohibition does not apply to a district court's sentencing determination in

general. Congress has directed that "'[n]o limitation . . . be placed on the information concerning the background, character, and conduct' of a defendant that a district court may 'receive and consider for the purpose of imposing an appropriate sentence.'" *Pepper v. United States*, 562 U.S. 476, 490–91 (2011) (quoting 18 U.S.C. § 3661) (alteration in original). Thus, it was permissible for the district court to take into account the violent nature of Valdez's kidnaping offense in determining the sentence duration, even though the district court did not find the offense was categorically a crime of violence.

3.      We decline to address Valdez's claim that he received ineffective assistance of counsel. "Challenge by way of a habeas proceeding is preferable because it permits the defendant to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012) (quoting *United States v. Laughlin*, 933 F.2d 786, 788–89 (9th Cir. 1991)). Valdez's representation was not "so inadequate" as to warrant an exception from this general rule. *See id.* Although Valdez's counsel did not include evidence or argument about Valdez's father, Valdez testified before the court that he had re-entered both to see his wife and his father. Thus, the court was aware that Valdez's father was a reason for Valdez's decision to re-enter. Valdez's counsel was present when Valdez spoke to the court, and so it is likely that counsel's

4

omission was strategic rather than a result of deficient performance. This conclusion is bolstered by the fact that Valdez's counsel gave ample evidence and argument regarding Valdez's purpose of re-entering to see his wife.

4.      The district court did not plainly err by imposing the gang-related conditions of supervised release. *See United States v. Johnson*, 626 F.3d 1085, 1088–89 (9th Cir. 2010) (reviewing supervised release conditions for plain error where the defendant failed to object to the conditions below). Under *United States v. Fernandez*, gang-related tattoos "tend[] to prove gang membership." 388 F.3d 1199, 1245–46 (9th Cir. 2004). Although Valdez denied any gang involvement, he did not offer any other explanation for having a Southside gang tattoo. Because the preponderance of the evidence standard applies to the imposition of supervised release conditions, *United States v. Collins*, 684 F.3d 873, 888–89 (9th Cir. 2012), we find that the district court did not err in imposing the gang-related conditions of supervised release.

5.      The district court did not engage in impermissible double counting. Valdez concedes this point and raises it here only to preserve it for further review.

        **AFFIRMED**.